IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-027
)
LEONARDO DIVINCI LARCK, )
)
Defendant. )
)

**O R D E R**

Before the Court is Defendant Leonardo Divinci Larck's pro se Motion to Dismiss Counsel. (Doc. 31.) This case is scheduled for a jury trial beginning on June 15, 2015. (Doc. 27.) In the motion, Defendant states that his appointed counsel, Mr. William Joseph Turner, "failed to file affadavits [sic] which is exculpatory and is a valuble [sic] part of my Defense." (Doc. 31 at 1.) For this reason, Defendant requests that the Court dismiss Mr. Turner and appoint Defendant new counsel. (Id.)

While the Sixth Amendment guarantees the right to counsel, it does not provide a defendant the absolute right to the appointed counsel of his choice. United States v. Garey, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc). Therefore, an indigent defendant in a criminal case has neither the right to select any particular lawyer to provide him representation, nor to insist the court appoint him a different lawyer absent establishing good cause. Id. (quoting Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir.

1985)). In this respect, good cause exists where the current attorney-client relationship has led to a fundamental problem, " 'such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.' " Id. (quoting United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973)). Moreover, a defendant's subjective perception of his appointed counsel's conduct—such as a general loss of confidence—cannot provide the sole basis for establishing good cause. Thomas, 767 F.2d at 742. Quite simply, a defendant who fails to show good cause, but desires court appointed representation, must accept the counsel gratuitously provided by the Court. Id. at 1263-64.

In this case, Defendant supports his request for new counsel by claiming that Mr. Turner will not file certain affidavits and seems only interested in convincing Defendant to plead guilty. (Doc. 31 at 1.) Considering these claims and the conduct of Mr. Turner in this and previous cases, the Court concludes that Defendant has failed to establish good cause sufficient to warrant Mr. Turner's dismissal and the appointment of new counsel. This Court's experience with Mr. Turner as defense counsel has been nothing but positive. In both this and other preceding cases, the Court has observed Mr. Turner ardently represent the best interests of his clients, while at the same time respecting his obligations as a member of the Southern District of Georgia

2

bar and an officer of this Court. Accordingly, Defendant's motion is **DENIED**.

Appointed counsel provides what that title implies: advice and counsel. It is not the role of either retained or appointed counsel to simply act as a courtroom shill for the client. Ethical and professional obligations preclude counsel from wasting this Court and opposing counsel's time by filing unnecessary and frivolous motions or documents, including affidavits. Counsel's role is to objectively assess the Government's evidence, explore possible defenses, and advise the client accordingly. A general disdain for counsel's informed advice is insufficient to warrant his removal and replacement with a new appointed attorney.

The Court also notes that Defendant's unilateral failure to communicate with his appointed attorney does not provide reason for replacing counsel. In this Court's opinion, Mr. Turner is attempting to provide Defendant with the best defense possible under this particular set of circumstances. Should Defendant refuse his counsel, it is Defendant who will bear the brunt of the consequences by hampering Mr. Turner from representing Defendant's interests to the best of his abilities.

SO ORDERED this 5th day of June 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA