IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR415-027
)
LEONARDO DIVINCI LARCK, )
)
    Defendant. )
)

# O R D E R

Before the Court is Defendant Leonardo Divinci Larck's Motion for Judgment of Acquittal and/or New Trial. (Doc. 63.) In the motion, Defendant argues he is entitled to a new trial because "the Government failed to prove beyond a reasonable doubt that the Defendant was guilty of [the] offenses." (Id. at 1.) The Government has responded in opposition, pointing to evidence adduced at trial that supports the jury's guilty verdicts. (Doc. 68.) For the following reasons, Defendant's motion is **DENIED**.

In assessing a request for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the Court must determine if the evidence presented at trial would allow a reasonable jury to find, beyond a reasonable doubt, that the defendant committed the elements of a charged offense. United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011). When making this inquiry, the Court must

view all the evidence in the light most favorable to the Government, and resolve in the Government's favor all reasonable inferences and credibility determinations. Id. After carefully reviewing the evidence in this case, the Court concludes that Defendant is not entitled to a judgment of acquittal with respect to any of the counts for which he was convicted. Accordingly, Defendant's request for a judgment of acquittal is **DENIED**.

Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When assessing a motion seeking a new trial based on the weight of the evidence presented at trial, the Court is not required to view that evidence in the light most favorable to the verdict. United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985). Rather, the Court may conduct its own analysis of both the credibility of the witnesses and the weight of the evidence. Id. However, the Court is not empowered to reweigh the evidence and set aside the verdict simply because it feels that a contrary result would be more reasonable. Id. It is for this reason that motions of this type are disfavored and only granted in the rare event that the evidence presented at trial "preponderate[s] heavily

against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id.

In this case, the Court has reviewed the evidence presented at trial and concludes that Defendant is not entitled to a new trial. Quite simply, the Government presented at trial a bounty of evidence establishing Defendant's guilt with respect to each of the four counts on which he was convicted. In the Court's opinion, the evidence presented at trial roundly supports the jury's verdict in this case such that permitting the verdict to stand in no way amounts to a miscarriage of justice. Accordingly, Defendant's request for a new trial is also **DENIED**.

SO ORDERED this 22ND day of July 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA