# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LEONARDO LARCK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV418-178 |
| | ) | CR415-027 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Having been convicted of possession of a firearm as a felon, Leonardo Larck seeks to vacate his sentence due to counsel's alleged ineffectiveness. Doc. 102;[1] *see* docs. 59 (jury verdict); 75 (judgment for 240 months' imprisonment); 98 & 99 (mandate of Eleventh Circuit and appeal opinion affirming conviction and sentence). He contends his counsel was deficient for failing to exclude "evidence that was not authenticated before admission" and failing to "properly advise" Larck on a 120-month plea

---

[1] The Court is citing to the criminal docket in CR415-027 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

offer.  Doc. 102 at 3.

1. **BACKGROUND**

As set forth by the Eleventh Circuit:

[O]n September 9, 2014, law enforcement officers and emergency personnel responded to an accident involving a marked police car and another vehicle.  When emergency personnel arrived at the scene, Defendant was lying on his stomach outside of the vehicle involved in the crash.  While moving Defendant from his stomach to his back, a bag containing nine .45-caliber bullets fell out of the pocket of Defendant's shorts. Defendant also had $2,652 in cash in his shorts. In Defendant's vehicle, officers found a black semiautomatic pistol on the floorboard near the brake pedal.  A subsequent search of the vehicle revealed several rental car agreements (one of which had the name Wykeisha Joyner), a scale, and plastic bags containing heroin, cocaine base, and caffeine.

A federal grand jury subsequently charged Defendant with one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2), two counts of possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).[FN]  Defendant pled not guilty and proceeded to trial.

> FN.  Defendant was charged with an additional count of possession of controlled substances with intent to distribute (Count 4), but that count was later dismissed by the Government.

At trial, the Government presented testimony from an eyewitness to the crash, the EMT who provided medical care to Defendant, the police officers who responded to the accident and those who conducted the subsequent search of Defendant's vehicle, and the forensic scientist who tested the controlled substances found in the vehicle.

After the Government rested its case, Defendant called his sister,

2

> Wykeisha Joyner, to testify on his behalf. Testifying that she had rented the car that was involved in the accident, Joyner stated that she had let her cousin use the car and that he had then loaned the car to Defendant. She further stated that the firearm and ammunition belonged to her. On cross-examination, Joyner asserted that she had bought the gun for protection the night before the accident and had put the gun in the car. Because she had too much to drink that night, she asked her cousin to drive her to work the next morning. She acknowledged that when she was initially interviewed, she told officers that the firearm was a handgun but she did not tell them the make or the caliber of the firearm. When asked if she had heard the prosecutor state during opening arguments that this case involved a .45-caliber firearm, Joyner stated that she left the courtroom during opening arguments.
>
> To rebut Joyner's testimony, the Government requested permission to play a recorded phone call made by Defendant while he was in jail. At sidebar, the Government told the district court that the phone call would show that Defendant was trying to have someone "come and say that they possessed the gun and that they possessed the bullets and that the drugs were theirs and he didn't know anything about it." The district court permitted the Government to play the phone call. Before playing the recording, the Government stated: "This is a call from Mr. Larck in the jail on September 17, 2014, at 2:43 P.M." The Government then played the recording without any objection from Defendant.

*United States v. Larck*, 703 F. App'x 793, 794 (11th Cir. 2017). The jury convicted Larck and, because he was a career offender convicted under 18 U.S.C. § 924(c) (*see* Presentence Investigative Report (PSR) at ¶ 69), Larck was sentenced to 240 months' imprisonment. Doc. 75.

On appeal, Larck's argument that the district court erred by admitting the recorded jailhouse phone call was unambiguously rejected.

3

Because defendant did not raise his objections at trial, the Court of Appeals reviewed the district court's admission of the phone call for plain error, *id.* at 796 (citing *United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir. 1999)). Conceding that the admission of the unauthenticated phone call was plain error *and* that "it should have been obvious to the district court that its failure to *sua sponte* exclude admission of this unobjected-to-evidence constituted error," the Court of Appeals nevertheless concluded that the error neither prejudiced defendant nor "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Larck*, 703 F. App'x at 796-97 (explaining that Larck could not "show that his substantial rights were affected," because the error had not "affected the outcome of the district court proceedings" and because "there has been no challenge to the authenticity of the recording, just that the Government failed to go through the steps to authenticate it.").

## II.   ANALYSIS

Larck, missing the heart of the Eleventh Circuit's holding, now argues that counsel deficiently failed to object to the admission of the phone call at trial, doc. 102 at 3, 11-13, as well as insufficiently investigated the factual basis of the charges against him and failed to develop his trial

4

strategy, *id.* at 11. Larck further asks to rewind the clock and go back so that he can take the Government's original plea offer of 120 months' imprisonment, *id.* at 7, because had he known such a number was on the table he surely would have signed it rather than proceeding to trial, *id.* at 18 (explaining that counsel became upset and left their meeting without examining the plea offer in detail). Finally, Larck argues that the Court erred by not holding a hearing on his request for a continuance to find new counsel. *Id.* at 15.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). To demonstrate prejudice, the prisoner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811

5

F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice."). In other words, mere dissatisfaction with counsel's performance or disagreement with strategy is not enough.

Larck's argument that counsel failed to object to the admission of an unauthenticated phone call at trial, doc. 102 at 3, 11-13, fails to accurately reflect the record. *See* doc. 73 at 89-90. When the Government attempted to authenticate and introduce several calls made by Larck from the jail, counsel objected and — pursuant to that objection — the Court prohibited their admission. *Id*. However, after Larck's sole witness testified in his case-in-chief that the gun found was hers, the Court permitted one call in which Larck attempted "to enlist someone to come in and say . . . that they possessed the gun and that they possessed the bullets and that the drugs were theirs and he didn't know anything about it" to be played in rebuttal. *Id*. at 117-18. Counsel did not object to the call being played in rebuttal, but it is not clear on what grounds he could have objected. A witness

6

capable of authenticating the recorded call remained available, and Larck does not dispute that he made the call. *See Larck*, 703 F. App'x at 796; *see e.g., Solis v. Sec'y, Fla. Dep't of Corr.*, 724 F. App'x 886, 888 (11th Cir. 2018) (where officer could authenticate photographs of crime scene, court on collateral review could reasonably conclude counsel's failure to object was not deficient). What more counsel could have done, Larck cannot say. Given these facts, however, the Court cannot conclude that counsel's performance was so "outside the range of professional competence" as to comprise ineffective assistance of counsel. *Putnam*, 268 F.3d at 1243.

Larck further alleges, more generally, that counsel failed to investigate the factual basis of the charges against him and failed to develop his trial strategy. Doc. 102 at 11. "[C]ounsel has a duty to make reasonable investigations *or* to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91 (emphasis added). To be effective, counsel is not required to "pursue every path until it bears fruit or until all hope withers." *Williams v. Head*, 185 F.3d 1223, 1237 (11th Cir. 1999); *see also Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994) (the requirement to "investigate" a case "reflects the reality that lawyers do not enjoy the benefit of endless time,

energy, or financial resources.").

Courts "should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Simply because some other testimony or argument might have proven, in hindsight, a better strategy, is not enough to render counsel's tactical decisions incompetent. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) (counsel is deficient "only" if his strategy "was so patently unreasonable that no competent attorney would have chosen it."). Monday morning quarterbacking does not a § 2255 claim make. *White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992) ("We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.").

The Court, however, does not need to speculate on counsel's trial strategy in this case: even Larck, conclusorily lobbing accusations of deficiency at counsel's work, does not know how he could have done better. The only example Larck provides is his dissatisfaction with the admission of the record jail call on authenticity grounds. Doc. 102 at 11. He does not deny making the call, does not explain what sort of

8

investigation counsel ought to have conducted to undermine the authenticity of the call, and does not acknowledge that counsel actually had the calls excluded from the Government's case-in-chief on other grounds. *Id.*; *see* doc. 73 at 89-90. Nor does movant identify what prejudice, if any, he suffered as a result of counsel's failure to do "more." *See Larck*, 703 F. App'x at 796-97 (even if the district court erred by admitting the evidence, the error neither prejudiced movant nor "seriously affect[ed] the fairness, integrity or public reputation" of the proceedings). He simply states that counsel should have, and could have, done better in some way. Conclusory allegations, however, do not justify § 2255 relief.[2]

Counsel's defense strategy, moreover, was the best Larck had available to him. Counsel argued that Larck did not knowingly possess

---

[2] "Laundry list" claims of deficient representation -- offered without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them -- do not an IAC claim make. A typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

9

any of the items recovered from the rental car he had borrowed, and thus had no intent to use them in any way. Doc. 88 at 33-35. Counsel cross-examined the Government's witnesses regarding the ownership of the car (which was rented by someone else and loaned to Larck), the location of the firearm at the time of the collision, how Larck had obtained the money found on him at the time of the accident, the fact that the trunk and console would have been closed before police searched them and the drugs wrapped and obscured from view, *see* doc. 73 at 37, 38, 52-53, 54. Moreover, Larck's counsel called to the stand the car's renter who testified both that the firearm found in the car and ammunition found beside Larck belonged to her, *id*. at 101-02. Larck has not demonstrated that these choices were unreasonable. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (movant bears the burden of persuasion "to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable.").

Larck further contends that, had counsel only followed his directions to counter the Government's plea offer with more favorable terms, he would have accepted the plea *even if* the Government had rejected his counter. *See* doc. 102 at 7 & doc. 109 at 1-2 (explaining that counsel

brought the Government's offer of a 120 months' term of imprisonment and Larck asked him to counter that any sentence be served concurrently to his state sentence; counsel refused to present the counter, because "the prosecution would not agree to the terms being served concurrently"; and that had counsel "taken [his] request back to the prosecutor and it was refused, [he] would have accepted the offer as it stood."). Indeed, Larck goes so far as to allege that he never told counsel to reject the plea offer — he "merely wanted to know if the prosecutor would agree to allow the terms to run concurrently" — and counsel "cancelled the scheduled change of plea hearing without [his] consent or knowledge." *Id*. at 2.

True, just before trial began Larck aired a number of grievances to the Court. *See* doc. 45 (motion to dismiss trial counsel) & doc. 46 (motion for a continuance to obtain counsel).³ Even when given the opportunity

---

³ Larck contends as well that the Court erred in denying these motions without a hearing. Doc. 102 at 15. But this claim was not raised on appeal. *See Larck*, 703 F. App'x 793. It is therefore procedurally barred, *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005), and Larck's meritless ineffective assistance of counsel claims, *see infra*, do not overcome that default. Moreover, it is belied by the record: the Court heard from Larck and counsel before denying the request. Doc. 88 at 5-10. The Court found Larck's objections meritless, noted that no other counsel had made an appearance in the case, and permitted the case to proceed to trial. *Id*. Larck has shown no clear error or arbitrariness in that decision to deny his request. *See United States v. Robinson*, 246 F. App'x 668, 670 (11th Cir. 2007) ("There is no mechanical test for deciding when denial of a continuance is so arbitrary as to violate due process." Rather, the court must examine "the circumstances presented to the trial judge at the

on the day of trial to tell the Court every single thought on his mind, Larck declined to suggest that pleading was one of them. *See* doc. 88 at 5-10. Indeed, at no point did he hint that he may not want to see trial through, or that he was having second thoughts about his cancelled plea hearing and the Government's offer — made that morning — of a plea deal for 180 months' incarceration (doc. 102 at 15 (explaining that counsel presented a new plea deal from the Government the day trial began)). *See* docs. 87, 88, 90, 91.

Larck responds that he was "negotiating" throughout, and did not expect that his rejection of the 120-month plea deal would end the negotiations. Doc. 108 at 2-3. He apparently expects the Court to believe he was still "negotiating" throughout the lead up to trial, the trial proceedings, and the jury verdict, and that any plea was still "open to negotiations" until judgment was entered against him. But the fact that Larck thought he could "do better" — either by securing a better plea or a better break at trial — with different counsel does not change that he rejected the Government's offer. And his belated protestations that he did

---

time the request is denied.").

12

not actually mean to reject the 120-month offer do not undermine his *actions* in letting the jury deliberate and a verdict be reached. Larck, in other words, has not demonstrated *Strickland*-level prejudice in counsel's presentation of the Government's plea deals. *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (to demonstrate *Strickland*-level prejudice, movant must first "demonstrate a reasonable probability he would have accepted the . . . plea offer had he been afforded effective assistance of counsel."); *Ervin v. United States*, 2017 WL 465471 at *3 (S.D. Ga. Feb. 1, 2017) (movant's "disingenuous contention, that but for counsel's 'misadvice' he would have pleaded guilty, is hogwash;" movant rejected the plea agreement because he "thought he could do better" and the fact that he "gambled and lost, in the face of overwhelming evidence of his guilt, does not render his counsel's performance deficient."); *see also DeFreitas v. United States*, 2017 WL 1334302 at *3 (S.D. Ga. Jan. 27, 2017) (movant's "only showing here is buyer's remorse: that he believes that if only counsel had worked harder, things would be different."). All Larck has shown is his own dissatisfaction with counsel's performance, and that is not enough.

## III. CONCLUSION

Accordingly, Leonardo Larck's § 2255 motion (doc. 102) should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

---

[4] Because Larck's motion is entirely without merit and his contentions are contradicted by the record, an evidentiary hearing is not warranted. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __22nd__ day of June, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA