## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

LEONARDO LARCK,      )
                                )
      Movant,        )
                                )
v.                        )        CV418-178
                                )        CR415-027
UNITED STATES OF     )
AMERICA,           )
                                )
      Respondent.   )

## REPORT AND RECOMMENDATION

Leonardo Larck was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in the furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c), and was sentenced to 240 months confinement. *See* doc. 59 (jury verdict), doc. 75 at 2 (judgment).[1] Larck filed this 28 U.S.C. § 2255 motion seeking to modify his sentence due to counsel's alleged ineffectiveness, doc. 102, and filed an amended petition seeking to vacate his sentence based on

---

[1] The Court is citing to the criminal docket in CR415-027 unless otherwise noted.

1

the Supreme Court's decision in *Rehaif v. United States*, ___ U.S. ___, 139

S. Ct. 2191 (2019). Doc. 119.

## I.    BACKGROUND

As set forth by the Eleventh Circuit:

[O]n September 9, 2014, law enforcement officers and emergency personnel responded to an accident involving a marked police car and another vehicle. When emergency personnel arrived at the scene, Defendant was lying on his stomach outside of the vehicle involved in the crash. While moving Defendant from his stomach to his back, a bag containing nine .45-caliber bullets fell out of the pocket of Defendant's shorts. Defendant also had $2,652 in cash in his shorts. In Defendant's vehicle, officers found a black semiautomatic pistol on the floorboard near the brake pedal. A subsequent search of the vehicle revealed several rental car agreements (one of which had the name Wykeisha Joyner), a scale, and plastic bags containing heroin, cocaine base, and caffeine.

A federal grand jury subsequently charged Defendant with one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2), two counts of possession of controlled substances with intent to distribute, 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).[FN] Defendant pled not guilty and proceeded to trial.

> FN. Defendant was charged with an additional count of possession of controlled substances with intent to distribute (Count 4), but that count was later dismissed by the Government.

At trial, the Government presented testimony from an eyewitness to the crash, the EMT who provided medical care to Defendant, the police officers who responded to the accident

and those who conducted the subsequent search of Defendant's vehicle, and the forensic scientist who tested the controlled substances found in the vehicle.

After the Government rested its case, Defendant called his sister, Wykeisha Joyner, to testify on his behalf. Testifying that she had rented the car that was involved in the accident, Joyner stated that she had let her cousin use the car and that he had then loaned the car to Defendant. She further stated that the firearm and ammunition belonged to her. On cross-examination, Joyner asserted that she had bought the gun for protection the night before the accident and had put the gun in the car. Because she had too much to drink that night, she asked her cousin to drive her to work the next morning. She acknowledged that when she was initially interviewed, she told officers that the firearm was a handgun but she did not tell them the make or the caliber of the firearm. When asked if she had heard the prosecutor state during opening arguments that this case involved a .45-caliber firearm, Joyner stated that she left the courtroom during opening arguments.

To rebut Joyner's testimony, the Government requested permission to play a recorded phone call made by Defendant while he was in jail. At sidebar, the Government told the district court that the phone call would show that Defendant was trying to have someone "come and say that they possessed the gun and that they possessed the bullets and that the drugs were theirs and he didn't know anything about it." The district court permitted the Government to play the phone call. Before playing the recording, the Government stated: "This is a call from Mr. Larck in the jail on September 17, 2014, at 2:43 P.M." The Government then played the recording without any objection from Defendant.

*United States v. Larck*, 703 F. App'x 793, 794 (11th Cir. 2017).

At trial, the parties stipulated that, "[o]n September 9, 2014, [Larck] had been previously convicted of a felony offense, one punishable by imprisonment for more than a year as charged in the indictment." Doc. 44 at 1. The jury convicted Larck on all counts, doc. 59, and Larck was sentenced to 240 months' imprisonment. Doc. 75.

Larck appealed, arguing that the district court erred by admitting the recorded jailhouse phone call. *Larck*, 703 F. App'x at 794. Because defendant did not raise his objections at trial, the Court of Appeals reviewed the district court's admission of the phone call for plain error, *id.* at 796 (citing *United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir. 1999)). Conceding that the admission of the unauthenticated phone call was plain error and that "it should have been obvious to the district court that its failure to *sua sponte* exclude admission of this unobjected-to-evidence constituted error," the Court of Appeals nevertheless concluded that the error neither prejudiced defendant nor "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Larck*, 703 F. App'x at 796-97 (explaining that Larck could not "show that his substantial rights were affected," because the error had not "affected the outcome of the district court proceedings" and because "there has been no

challenge to the authenticity of the recording, just that the Government failed to go through the steps to authenticate it."). Larck did not raise any other errors on appeal. Doc. 102 at 2.

Larck subsequently filed this § 2255 motion, seeking a reduction of his sentence to the 120 months he claims he would have accepted as a plea offer but for the alleged ineffective assistance of his trial counsel. Doc. 102 at 7, 15-19. He argues that counsel was ineffective, not only for failing to properly advise him of the 120-month plea offer, *id.*, but also for failing to object to evidence that was not authenticated, *id.* at 3, 11-13, failing to properly investigate the case, *id.* at 11, and failing to pursue an adequate defense strategy, *id.* The government responded in opposition to Larck's motion. Doc. 106.

On June 22, 2019, the undersigned submitted a Report and Recommendation recommending denial of Larck's § 2255 motion on all grounds. Doc. 110. Larck timely filed an objection as to the Court's analysis of his claim that counsel was ineffective during the plea negotiation process. Doc. 117 at 1-3. His objection did not address the recommendation of dismissal as to his other claims. *Id.*

On June 21, 2019, the Supreme Court decided *Rehaif*, 139 S. Ct. 2191. "There, the Supreme Court clarified that 'in a prosecution under [18 U.S.C.] § 922(g) and [18 U.S.C.] § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020) (quoting *Rehaif*, 139 S. Ct. at 2200). Larck moved to amend his § 2255 motion to add a claim based on the *Rehaif* decision. Doc. 114. The District Judge declined to adopt the Report and Recommendation and granted him leave to amend, remanding the case for the undersigned to assess the amended petition. Doc 120 at 2.

In his amended motion,[2] Larck argues that he was "deprived of the Fifth Amendment's grand jury right and the Sixth Amendment's notice requirement where count one of his indictment failed to allege an essential element of the § 922(g) offense." Doc. 119 at 1. He further argues that his conviction under § 922(g) violates the Fifth Amendment's Due Process Clause, because every element of the offense was not

---

[2] Pursuant to the District Judge's September 15, 2020 Order, the Court construes Larck's Supplement to Memorandum in Support of Motion Pursuant to Title 28 U.S.C. § 2255, doc. 119, as his amendment. *See* doc. 120 at 2.

presented to or found by the jury beyond a reasonable doubt at the close of trial.  *Id.* at 4.

Although directed to respond to Larck's amended motion within sixty days of the Court's Order, doc. 120, the government failed to do so. *See generally* docket.  The Court now assesses the motion, as amended, pursuant to the District Judge's instruction, doc. 120 at 2, and Rule 4 of the Rules Governing Section 2255 Proceedings.

## II.   ANALYSIS

### A.    Original § 2255 Motion (Doc. 102)

In his original § 2255 motion, Larck's arguments were all based on the alleged ineffective assistance of his trial counsel.  *See* doc. 102 at 3. "To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).  To demonstrate prejudice, the

prisoner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."). In other words, mere dissatisfaction with counsel's performance or disagreement with strategy is not enough.

Larck identifies three reasons why his counsel was allegedly ineffective.  Doc. 102 at 11-14.  First, Larck generally argues that his defense counsel failed to investigate the factual basis surrounding his indictment and failed to pursue an adequate defense strategy.  *Id.* at 11. "[C]ounsel has a duty to make reasonable investigations *or* to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91 (emphasis added).  To be effective, counsel is not required to "pursue every path until it bears fruit or until all hope withers." *Williams v. Head*, 185 F.3d 1223, 1237 (11th Cir. 1999); *see also*

*Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994) (the requirement to "investigate" a case "reflects the reality that lawyers do not enjoy the benefit of endless time, energy, or financial resources.").

Courts "should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993).   Simply because some other testimony or argument might have proven, in hindsight, a better strategy, is not enough to render counsel's tactical decisions incompetent.   *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) (counsel is deficient "only" if his strategy "was so patently unreasonable that no competent attorney would have chosen it."); *see also White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992) ("We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.").

Larck's defense counsel more than met this standard.   Counsel argued that Larck did not knowingly possess any of the items recovered from the rental car he had borrowed, and thus had no intent to use them in any way.   Doc. 88 at 33-35.   Counsel cross-examined the Government's witnesses regarding the ownership of the car (which was rented by

9

someone else and loaned to Larck), the location of the firearm at the time of the collision, how Larck had obtained the money found on him at the time of the accident, the fact that the trunk and console would have been closed before police searched them, and that the drugs were wrapped and obscured from view, *see* doc. 73 at 37, 38, 52-53, 54.  Moreover, Larck's counsel called to the stand the car's renter who testified both that the firearm found in the car and the ammunition found beside Larck belonged to her, *id.* at 101-02.  Larck has not demonstrated that these choices were unreasonable.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (movant bears the burden of persuasion "to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable.").

Larck next argues that counsel was deficient by failing to object to an unauthenticated phone call at trial.  Doc. 102 at 3, 11-13.  His argument fails to accurately reflect the record.  *See* doc. 73 at 89-90. When the Government attempted to authenticate and introduce several calls made by Larck from the jail, counsel objected and — pursuant to that objection — the Court prohibited their admission.  *Id.*  However, after Larck's sole witness testified in his case-in-chief that the gun found

was hers, the Court permitted one call in which Larck attempted "to enlist someone to come in and say . . . that they possessed the gun and that they possessed the bullets and that the drugs were theirs and he didn't know anything about it" to be played in rebuttal. *Id.* at 117-18. Counsel did not object to the call being played in rebuttal, but it is not clear on what grounds he could have objected. A witness capable of authenticating the recorded call remained available, and Larck does not dispute that he made the call. *See Larck*, 703 F. App'x at 796; *see e.g.*, *Solis v. Sec'y, Fla. Dep't of Corr.*, 724 F. App'x 886, 888 (11th Cir. 2018) (where officer could authenticate photographs of crime scene, court on collateral review could reasonably conclude counsel's failure to object was not deficient). Given these facts, the Court cannot conclude that counsel's performance was so "outside the range of professional competence" as to comprise ineffective assistance of counsel. *Putnam*, 268 F.3d at 1243.

Finally, Larck argues that, had counsel only followed his directions to counter the Government's 120-month plea offer with more favorable terms, he would have accepted the plea even if the Government had rejected his counter. *See* doc. 102 at 7 & doc. 109 at 1-2 (explaining that counsel brought the Government's offer of a 120-month term of

imprisonment and Larck asked him to counter that any sentence be served concurrently to his state sentence; counsel refused to present the counter, because "the prosecution would not agree to the terms being served concurrently"; and that had counsel "taken [his] request back to the prosecutor and it was refused, [he] would have accepted the offer as it stood."). Indeed, Larck goes so far as to allege that he never told counsel to reject the plea offer — he "merely wanted to know if the prosecutor would agree to allow the terms to run concurrently" — and counsel "cancelled the scheduled change of plea hearing without [his] consent or knowledge." Doc. 109 at 2.

In his objection to the initial Report and Recommendation, Larck suggests that counsel's failure to take his counter to the 120-month offer back to the prosecution "caused a breakdown in the negotiations." Doc. 117 at 3. But the plea negotiations did not cease, as Larck was presented with another plea offer the day trial began. Doc. 102 at 15. Much like the government's initial plea offer, Larck rejected this plea offer. He was afforded an opportunity to speak directly to the trial judge, doc. 102 at 15, and at no point did he suggest that he wanted to explore pleading instead of proceeding to trial, doc. 88 at 5-10. Indeed, at no point did he

12

hint that he may not want to see trial through, or that he was having second thoughts about his cancelled plea hearing.  *See* docs. 87, 88, 90, 91.

The fact that Larck thought he could "do better" — either by securing a better plea or a better break at trial — with different counsel does not change that he rejected the Government's offer.  "A willingness to accept something more favorable than is offered does not indicate a willingness to accept what is offered." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1319 (11th Cir. 2013).  And his belated protestations that he did not actually mean to reject the 120-month offer do not undermine his actions in letting the jury deliberate and a verdict be reached.  Larck, in other words, has not demonstrated *Strickland*-level prejudice in counsel's presentation of the Government's plea deals. *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (to demonstrate *Strickland*-level prejudice, movant must first "demonstrate a reasonable probability he would have accepted the . . . plea offer had he been afforded effective assistance of counsel."); *Ervin v. United States*, 2017 WL 465471 at *3 (S.D. Ga. Feb. 1, 2017) (movant's "disingenuous contention, that but for counsel's 'misadvice' he would have pleaded guilty, is hogwash;" movant rejected the plea

agreement because he "thought he could do better" and the fact that he "gambled and lost, in the face of overwhelming evidence of his guilt, does not render his counsel's performance deficient."); *see also DeFreitas v. United States*, 2017 WL 1334302 at *3 (S.D. Ga. Jan. 27, 2017) (movant's "only showing here is buyer's remorse: that he believes that if only counsel had worked harder, things would be different.").

Larck suggests that he is entitled to a hearing because his trial counsel has not expressly refuted the allegation that he failed to take Larck's counteroffer to the prosecution.  Doc. 117 at 3-4.  But it is not whether his counsel was ineffective that is the deciding factor here, it is whether he was prejudiced.  *See Frye*, 566 U.S. at 147.  "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Id.*  As this Court has discussed before,

> Courts "should be wary of claims like [Larck's] because defendants will always want the best of both worlds: the chance at acquittal at trial, yet the chance to plead guilty if the trial defense fails." *United States v. Day*, 969 F.2d 39, 46 n. 9 (3d Cir.1992), quoted in *Merzbacher v. Shearin*, 706 F.3d 356, 367 (4th Cir.2013).  And "[a]s multiple courts have

recognized, after the fact testimony concerning a defendant's desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." *United States v. Godson*, 2013 WL 1290389 at *8 (W.D. Pa. Mar. 27, 2013) (quotes, cite and alteration omitted).

*Guyton v. United States*, 2013 WL 1808761, at *2 (S.D. Ga. Apr. 29, 2013), report and recommendation adopted, No. CR410-093, 2015 WL 5168484 (S.D. Ga. Sept. 2, 2015). The record demonstrates that Larck rejected the government's 120-month plea offer in hopes of a better deal, and his belated argument that he would have taken the plea deal ***even if*** the government refused the counteroffer is not sufficient to support his claim for ineffective assistance.

## B.    Amended § 2255 Motion (Doc. 119)

In *Rehaif*, the Supreme Court held that in a felon-in-possession prosecution "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Prior to this 2019 decision, the government was not required "to satisfy a mens rea requirement with respect to the status element of § 922." *United States v. Rehaif*, 888 F.3d

1138, 1144 (11th Cir. 2018), rev'd and remanded, ___ U.S. ___, 139 S. Ct. 2191, 204 L.Ed.2d 594.

Larck's Amended § 2255 Motion raises two new, independent arguments for vacating his sentence based on *Rehaif*. Doc. 119. First, he argues that the indictment was defective because it failed to allege an essential element of the § 922(g) offense. *Id.* at 1-4. The defective indictment, he argues, failed to fairly allow him to prepare a defense. *Id.* at 2. Second, he argues that his conviction under § 922(g) violates the Fifth Amendment's Due Process Clause, since the jury did not consider every element of the offense. *Id.* at 4. Because it "plainly appears from the [amended] motion…and the record of prior proceedings that [Larck] is not entitled to relief," the amended motion should be dismissed. Rule 4, Rules Governing Section 2255 Proceedings.

The indictment at issue charged "[t]hat on or about September 9, 2014, in Chatham County, within the Southern District of Georgia, the defendant, Leonardo Divinci Larck, who previously had been convicted of a felony, a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm…." Doc. 40. Larck argues that the indictment's failure to charge that he, at

the time of the alleged possession of the firearm, was aware of his prohibited status [as a convicted felon] renders it defective, and thus violative of the Fifth and Sixth Amendments.  Doc. 119 at 1-4.

As for the due process argument, Larck claims that the government failed to produce evidence at trial bearing on whether he knew of his prohibited status at the time he allegedly possessed the firearm.  Doc. 119 at 5.  And while the agreed-upon stipulation established that Larck had been convicted of a felony offense prior to the relevant date, he claims it did not serve as proof that he was actually aware of his criminal status. *Id.* at 5-6.

To begin, Larck's *Rehaif* claims are procedurally barred since they were not raised on direct appeal.  Doc. 102 at 2 (only error raised on appeal was "improper admission of jail house recording/phone call"). "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."  *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)); *see also United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) ("When a defendant fails to make a claim on direct appeal, procedural default ordinarily bars

17

him from making that claim on collateral review."). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, Larck may not use this collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

The procedural bar to claims which could have been raised on direct appeal, but were not, may be avoided if the defendant establishes one of two exceptions: (1) cause for the default and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, covering "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055-56 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).[3]

---

[3] A defendant can also overcome the procedural default bar altogether if the alleged error is jurisdictional. *Bane*, 948 F.3d at 1294. Although Larck does not specifically raise a jurisdictional challenge based on the defective indictment, the Court addresses it here out of an abundance of caution. A district court has jurisdiction over a felon-in-possession indictment that was filed before *Rehaif*, even if it did not charge the knowledge-of-status element. *United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020) Here, as in *McLellan*, the indictment unquestionably charged Larck with violating the felon-in-possession statute, and the specific prohibited conduct—the possession of the firearm as a felon—was clearly described in the indictment. Doc. 40. Therefore, the indictment did not deprive the district court of jurisdiction. *McLellan*, 958 F.3d at 1118; *see also United States v. Moore*, 954 F.3d 1322, 1334-35 (11th Cir. 2020).

As to the first exception, "cause" requires a showing of some external impediment that prevented a claim from previously being raised. *See Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)).   "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotes and citations omitted); *see also Bane*, 948 F.3d at 1297 ("[A] claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." (citations omitted)); *Lynn*, 365 F.3d at 1235 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all.").   In addition to demonstrating cause, the petitioner must also demonstrate prejudice by "shoulder[ing] the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

In the alternative, a petitioner can also overcome the procedural bar created by the failure to appeal if he can show a fundamental miscarriage of justice; "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Montano*, 398 F.3d at 1280 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Actual innocence "applies to a severely confined category: cases in which new reliable evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013).

Larck is unable to satisfy either exception. To the extent he argues that he could not have made these arguments prior to the Supreme Court issuing its decision in *Rehaif*, as explained above, that a claim was previously unacceptable does not satisfy the cause requirement. *Bousley* 523 U.S. at 623; *Lynn*, 365 F.3d at 1235. Larck points to nothing that prevented him from raising what may have seemed at the time to be a

losing argument.  *See Bane*, 948 F.3d at 1297 (finding criminal defendants could not overcome procedural bar where recently decided Supreme Court case was "simply a matter of statutory interpretation" and "did not announce a new constitutional right or overturn any Supreme Court precedent," even where interpretation was contrary to prior circuit precedent); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (determining that the Supreme Court's *Rehaif* decision clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2) but did not announce a new rule of constitutional law).  As the Tenth Circuit has explained, "the difficulty in prevailing on a particular argument does not excuse the failure to make it in the first place."  *Prost v. Anderson*, 636 F.3d 578, 592 n.11 (10th Cir. 2011) (Gorsuch, J.).  Moreover, as discussed below, there is no merit to Larck's *Rehaif* claims, and therefore he can show no prejudice.  *See Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013 ("To prevail on a cause and prejudice theory, a petitioner must show actual prejudice.").  Finally, these claims are not based on new reliable evidence that would satisfy the actual innocence exception because the arguments are based on legal

theory, not evidentiary facts.   Accordingly, the *Rehaif* claims are procedurally defaulted.

Even if they were not procedurally defaulted, it "plainly appears from the motion" that Larck's *Rehaif* claims are without merit.  Rule 4, Rules Governing Section 2255 Proceedings.  Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  "The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack."  *Hill v. United States*, 368 U.S. 424, 426-427 (1962).  To obtain collateral relief, Larck must identify "a fundamental defect which inherently results in a complete miscarriage of justice, [or is] an omission inconsistent with the rudimentary demands of fair procedure."  *Id.* at 428.

Larck's arguments fail, because his amended motion and the record in the criminal proceeding establish that he knew he was a felon when

22

he possessed the firearm forming the basis of his § 922(g) conviction.  The government filed a pre-trial notice that it intended to introduce into evidence two final drug convictions of the defendant from Chatham County Superior Court.  Doc. 19 at 1-2.  Larck did not challenge the government's contention that he was a felon; in fact, as he admits in his amended motion, he stipulated prior to trial that, at the time of the charged conduct, he had been previously convicted of a felony offense.  *See* doc. 119 at 5-6; doc. 44 (stipulation).   Larck never objected or otherwise expressed any surprise or confusion over his status as a felon.  "[W]here the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights."  *McClellan*, 958 F.3d at 1119 (citing *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019)); *see also United States v. Ward*, 796 F. App'x 591, 600-01 (11th Cir. 2019) (per curiam) (finding prior criminal history can show defendant's knowledge of status as belonging to group prohibited from possessing a firearm).

## III.  CONCLUSION

For the foregoing reasons, Larck's § 2255 motion, as amended, should be **DISMISSED** because it "plainly appears from the

motion . . .that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Cases. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United* States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of June, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA